UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA HARO, | No. 2:16-cv-01139 AC |
| Plaintiff, | |
| v. | **ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED. The matter will be reversed and remanded to the Commissioner for further proceedings.

////

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

1

# I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on January 14, 2013. Administrative Record ("AR") 14.[2] The disability onset date was alleged to be December 19, 2012. Id. The application was disapproved initially and on reconsideration. Id. On August 18, 2014, ALJ Daniel G. Heely presided over the hearing on plaintiff's challenge to the disapprovals. AR 29 – 53 (transcript). Plaintiff, who appeared with her counsel Jeffrey Milam, was present at the hearing. AR 29. Jo Ann Yoshioka, a Vocational Expert ("VE"), also testified at the hearing. Id.

On October 27, 2014, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 14-22 (decision), 23-26 (exhibit list). On March 22, 2016, after receiving Exhibit 16E, Representative Brief dated February 11, 2015 as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision and additional exhibit list).

Plaintiff filed this action on May 25, 2016. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 11. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 17 (plaintiff's summary judgment motion), 19 (Commissioner's summary judgment motion), 20 (plaintiff's reply).

# II. FACTUAL BACKGROUND

Plaintiff was born on April 20, 1966, and accordingly was, at age 46, a younger person under the regulations, when she filed her application.[3] AR 55. Plaintiff has at least a high school education, and can communicate in English. AR 178, 305. Plaintiff worked as a school bus driver from December of 1995 through December of 2012. AR 180.

# III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is

---

[2] The AR is electronically filed at ECF Nos. 13-3 to 13-13 (AR 1 to AR 506).
[3] See 20 C.F.R. § 404.1563(c) ("younger person").

2

supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

4

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2017.
>
> 2. [Step 1] The claimant did not engage in substantial gainful activity since December 19, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: fibromyalgia and depression (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can never work around hazards (such as dangerous moving machinery, unprotected heights, and operational control of motor vehicles) or climb ladders, ropes, or scaffolds, occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, and perform only simple, routine, and repetitive tasks.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. [Step 5] The claimant was born on April 20, 1966 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are job that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 19, 2012, through the date of this decision (20 CFR 404.1520(g)).

AR 16-21

As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 21.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by failing to provide legally sufficient reasons for finding the plaintiff not credible. AR 17 at 7. Plaintiff argues the failure was harmful, and that the case should be remanded to the Commissioner for further proceedings. Id.

A. <u>The ALJ Improperly Rejected Plaintiff's Subjective Testimony</u>

The ALJ improperly rejected plaintiff's subjective testimony regarding her pain and impairments. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Id. at 1016.

The ALJ's opinion states that plaintiff's testimony is discredited for "reasons explained in [the] decision" (AR 19), but the only clear reason the ALJ provides is that plaintiff has "ample activities of daily living" and traveled to Mexico and Monterey during her period of alleged disability. AR 20. The activities of daily living the ALJ describes earlier in his order include cooking, light cleaning, taking her daughter to school, maintaining her personal care, sometimes preparing meals, doing laundry, loading the dishwasher, driving, going out alone, shopping in stores more than once per week, handling money, and watching television for 3 to 4 hours per day. AR 18.

The ALJ's reasons for discounting plaintiff's subjective testimony are legally insufficient. The ALJ failed to describe with any particularly how any of the above listed activities conflict with plaintiff's complaints of chronic pain. "An ALJ must identify the specific testimony that lacks credibility, provide clear and convincing reasons why the testimony is not credible, and identify the specific evidence in the record which supports the ALJ's determination." Talbot v. Colvin, No. SACV 14-1935 JC, 2015 WL 5826808, at *4 (C.D. Cal. Sept. 30, 2015). The ALJ's minimal, blanket statement does not suffice.

To the extent the ALJ found that plaintiff's travels to Mexico and Monterey specifically contradicted her subjective testimony, the analysis is lacking. AR 20. The ALJ does not explain how these trips create an inconsistency. Id. A review of the hearing transcript reveals that plaintiff experienced increased problems with pain and stiffness during each of these trips. AR 41-43. The fact of these trips alone does not conflict with plaintiff's testimony regarding her pain and limitations. The ALJ erred in discrediting plaintiff with such limited support for doing so.

C. Remand

The undersigned agrees with plaintiff that the ALJ's error is harmful and remand for further proceedings by the Commissioner is necessary. AR 17 at 16. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; plaintiff's subjective testimony, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly consider plaintiff's testimony. Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 19), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: September 6, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE